**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAQUAN CAI, | No. 15-71838 |
| Petitioner, | Agency No. A088-321-540 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Xiaquan Cai, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies within Cai's testimony and between his asylum application and testimony regarding the date of his wife's sterilization and the reason Cai entered the United States, Cai's admission that he provided false information to obtain a visa, and a lack of corroborating evidence. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Cai's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Cai's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the BIA's denial of Cai's CAT claim because it was based on the same testimony found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured if returned to China. *See id*. at 1157.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-71838